**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN EASTON, an individual; and | ) | |
| PRIMAL MODE, INC.; an Illinois | ) | |
| corporation | ) | |
| | ) | Civil Action No. 1:17-cv-6081 |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| PRIMAL WEAR, INC., a Colorado | ) | |
| Corporation | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PRIMAL WEAR, INC.'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P.
12(B)(1) AND 12(b)(6)**

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...........................................................................................1

II.    STATEMENT OF FACTS AS ALLEGED IN THE AMENDED COMPLAINT ............3

     A.    Easton's PRIMAL MODE Mark And The Plaintiffs' Custom Apparel Business ...........................................................................................3

     B.    Primal Wear's Many Federally Registered Trademarks And Its Cycling Apparel And Gear Business.....................................................................4

     C.    Plaintiffs Only Filed This Action After Cancellation Proceedings Were Initiated, Despite Nearly A Decade Of Knowledge Of Their Alleged Claims ..............................................................................................4

III.    LEGAL STANDARD............................................................................6

     A.    Federal Rule Of Civil Procedure 12(b)(1) ...............................................6

     B.    Federal Rule Of Civil Procedure 12(b)(6) ...............................................6

IV.    ARGUMENT ......................................................................................6

     A.    Count I For A Declaration Of Non-Infringement Should Be Dismissed Under Rule 12(b)(1) For Lack Of Subject Matter Jurisdiction.............................7

          1.    The PRIMAL MODE mark is Senior to The PRIMAL marks ...................7

          2.    There is No Claim of Likelihood of Confusion or Dilution Against the Primal Mode Mark ...................................................................8

     B.    Count II For A Petition To Cancel Trademark Registrations Should Be Dismissed.........................................................................................9

     C.    Count III For Federal Trademark Infringement Is Time-Barred .........................11

     D.    Count IV For Federal Unfair Competition Under 15 U.S.C. § 1125(a) Should Be Dismissed As It Is Time-Barred.........................................................12

     E.    Count v. For Illinois Common-Law Unfair Competition Should Be Dismissed As Time-Barred....................................................................13

     F.    Count VI for Illinois Deceptive Trade Practices Should Be Dismissed As Time-Barred.......................................................................................13

G.     Count VII For Violation Of The Illinois Consumer Fraud And Deceptive Business Practices Act Should Be Dismissed For Numerous Defects ..................14

     1.     Count VII Is Barred By The Statute Of Limitations..................................14

     2.     Count VII Must Be Dismissed For Lack Of Standing..............................14

V.     CONCLUSION....................................................................................................15

## Cases

*Allcare, Inc. v. Bork*,
  531 N.E.2d 1033 (Ill. App. Ct. 1988) ...................................................................... 15

*Am. Broad. Co. v. Maljack Prods., Inc.*,
  34 F. Supp. 2d 665 (N.D. Ill. 1998) ...................................................................... 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2007) ................................................................................................ 7

*Athey Prods. Corp. v. Harris Bank Roselle*,
  89 F.3d 430 (7th Cir. 1996) .................................................................................... 15

*Capitol Leasing Co. v. FDIC*,
  999 F.2d 188 (7th Cir. 1993) .................................................................................. 7

*Citadel Grp. v. Wash. Regional Med. Ctr.*,
  692 F.3d 580 (7th Cir. 2012) .................................................................................. 6

*Classic Instruments, Inc. v. VDO-Argo Instruments, Inc.*,
  700 P.2d 677 (Or. Ct. App. 1985) .......................................................................... 8

*Conditioned Ocular Enhancement, Inc. v. Bonaventura*,
  458 F. Supp. 2d 704 (N.D. Ill. 2006) ..................................................................... 15

*Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc.*,
  190 Ill. App. 3d 524 (Ill. App. Ct. 1989) ............................................................... 15

*Fortres Grand Corp. v. Warner Bros. Entm't Inc.*,
  763 F.3d 696 (7th Cir. 2014) .................................................................................. 8

*General Mills, Inc. v. Kellogg Co.*,
  824 F.2d 622 (8th Cir. Minn. 1987) ....................................................................... 11

*Gimix, Inc. v. JS & A Grp., Inc.*,
  699 F.2d 901 (7th Cir. 1983) .................................................................................. 14

*Hahn v. Coca-Cola Co.*,
  No. 04 C 3596, 2004 U.S. Dist. LEXIS 14877 (N.D. Ill. July 30, 2004) ............... 12

*Hamilton v. O'Leary*,
  976 F.2d 341 (7th Cir. 1992) .................................................................................. 7

*Hot Wax, Inc. v. Warsaw Chemical Co., Inc.*,
  45 F. Supp. 2d 635 (N.D. Ill. 1999) ................................................................. 12, 13

*In Re Reach Elecs., Inc.*,
  175 U.S.P.Q. 734 (T.T.A.B. 1972) ......................................................................... 11

*Int'l Harvester Co. v. Deere & Co.*,
  623 F.2d 1207 (7th Cir. 1980) ................................................................................ 7

*Jacobs v. Int'l Multifoods Corp.*,
  212 U.S.P.Q. 641 (C.C.P.A. 1982) ........................................................................ 11

*JMR Sales, Inc. v. MMC Elecs. Am., Inc.*,
  No. 02 C 1642, 2002 U.S. Dist. LEXIS 19285 (N.D. Ill. Oct. 9, 2002) ................. 15

*Ledford v. Sullivan*,
  105 F.3d 354 (7th Cir. 1997) .................................................................................. 7

*Livorsi Marine, Inc. v. Nordskog Publ., Inc.*,
  268 F. Supp. 2d 994 (N.D. Ill. 2003) ................................................................... 6, 7

*Minemyer v. B-Roc Representatives, Inc.*,
  678 F. Supp. 2d 691 (N.D. Ill. 2009) ..................................................................... 14

*MJ & Partners Restaurant Ltd. Pshp. v. Zadikoff*,
    10 F. Supp. 2d 922 (N.D. Ill. 1998) ................................................................. 14
*NEC Elecs., Inc. v. New England Circuit Sales, Inc.*,
    722 F. Supp. 861 (D. Mass. 1989) .................................................................. 11
*Nuclear Eng'g Co. v. Scott*,
    660 F.2d 241 (7th Cir. 1981) ........................................................................... 8
*Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*,
    No. 12 C 9686, 2013 U.S. Dist. LEXIS 175846 (N.D. Ill. Dec. 16, 2013) ............................ 12
*Sorensen v. WD-40 Co.*,
    792 F.3d 712 (7th Cir. 2015) ........................................................................... 8
*Swedish Beer Export Co. Aktiebolag v. Can. Dry Corp.*,
    176 U.S.P.Q. 59 (C.C.P.A. 1972) ..................................................................... 11

**Statutory Authorities**
15 U.S.C. § 1065 ............................................................................................. 4, 5, 10
15 U.S.C. § 1072 ............................................................................................. 5, 6, 14
15 U.S.C. § 1114 ............................................................................................. 12, 13
15 U.S.C. § 1114(1) ........................................................................................ 12
15 U.S.C. § 1125(a) ........................................................................................ 14
15 U.S.C. § 1127 ............................................................................................. 12, 13
28 U.S.C. § 2201(a) ........................................................................................ 8
815 ILCS 505/10a(e) ....................................................................................... 14

**Rules and Regulations**
F.R.C.P. 12(b)(1) ............................................................................................ 2
F.R.C.P. 12(b)(1) and 12(b)(6) ........................................................................ 3
F.R.C.P. 12(b)(6) ............................................................................................ 2, 3
Fed. R. Civ. P. 9(b) ........................................................................................ 16
Fed. R. Civ. P. 12(b)(1) .................................................................................. 6

**Additional Authorities**
*USPTO App. Serial No.* 74/070,559, available at http://tsdr.uspto (filed July 13, 2007) .............. 9

I.    **INTRODUCTION**

This action is a meritless and retaliatory attempt by Plaintiffs to stall a pending, meritorious cancellation proceeding filed by Primal Wear in the Trademark Office. While there are numerous defects in the Amended Complaint, which are all addressed below, the overarching claim woven throughout the Amended Complaint is that Primal Wear has violated numerous unfair competition laws simply by using its own federally registered trademarks in connection with the goods and services identified in its registrations.

The parties have peacefully coexisted for more than 25 years (more than 9 of which, both parties had marks on the Principal Register) using their respective trademarks. To be clear, Primal Wear has no objection to Plaintiffs' use of their PRIMAL MODE mark in connection with their screen printing business. There has been no confusion in the past 25 years and Primal Wear cannot imagine any scenario where such confusion is likely to occur in the future. Primal Wear only objects to Easton's fraudulently procured registration on the Principal Register, which is why it sought to cancel the registration in the Trademark Office.

Based on the decades of peaceful co-existence in the marketplace between the parties use of their respective PRIMAL marks, it is evident that Plaintiffs only brought this action as a response to the cancellation proceedings. Plaintiffs rely on an erroneous, and since corrected, statement made in Primal Wear's initial Petition for Cancellation whereby Primal Wear asserted that there was a likelihood of confusion between the parties marks. Primal Wear admits here, and admitted in the Trademark Office, that the likelihood of confusion statement was erroneous. Primal Wear quickly amended its Petition for Cancellation to eliminate this erroneous statement. Accordingly, for the reasons explained below, this retaliatory Amended Complaint should be dismissed.

Count I, as amended, still seeks a nonsensical declaration of non-infringement. The Amended Complaint admits, and Primal Wear does not contest, that Plaintiffs are the senior users of the PRIMAL MODE mark, which precludes Primal Wear from asserting a claim of trademark infringement against Plaintiffs for use of their mark. Also claims of likelihood of confusion against Easton are statutorily barred in the Cancellation Proceeding. Accordingly, there is no actual controversy, and therefore no subject-matter jurisdiction. Count I as to a declaration of non-infringement must be dismissed pursuant to F.R.C.P. 12(b)(1).

Count II seeks to retaliate for Primal Wear's meritorious cancelation proceeding by seeking to cancel those registrations that Plaintiffs believe have not achieved incontestable status. The problem with this retaliatory claim is at least one of Primal Wear's registrations for the PRIMAL marks (which is not and cannot be contested) expressly grants Primal Wear the right to use the PRIMAL marks in interstate commerce in connection with virtually the identical goods and services as those registrations that Plaintiffs now seek to cancel on the basis of a likelihood of confusion. In other words, there cannot be a legal basis to cancel the PRIMAL marks that are registered in connection with the same or substantially similar goods and services when, by statute, Primal Wear has the exclusive right to use those same marks in connection with those same and substantially similar good and services. Thus, Count II must be dismissed pursuant to F.R.C.P. 12(b)(6).

Counts III–VI's allegations of federal trademark infringement and unfair competition, common-law unfair competition, and deceptive trade practices are each time-barred and must be dismissed pursuant to F.R.C.P. 12(b)(6).

Finally, Count VII for consumer fraud is time barred and must be dismissed because it has not (and cannot) allege that the parties are competitors and there is no injury to consumers pursuant to F.R.C.P. 12(b)(6).

4820-0179-9251.4

2

In sum, there is simply no wrongful conduct that is or could be alleged in the Amended Complaint. Each of the Counts suffer numerous legal and pleading defects that in many cases *cannot be cured*. The Court is empowered at this stage to dismiss the Amended Complaint and prevent Primal Wear from incurring hundreds of thousands of dollars in legal fees defending itself against this sham lawsuit. The Court can and should exercise its authority and dismiss this Amended Complaint.

## II.   STATEMENT OF FACTS AS ALLEGED IN THE AMENDED COMPLAINT

### A.   Easton's PRIMAL MODE Mark And The Plaintiffs' Custom Apparel Business

Plaintiff Easton is an apparel designer who resides in Chicago. ECF No. 32 ¶ 7. On October 29, 1991, Easton personally obtained Registration No. 1,662,541 from the United States Patent and Trademark Office ("USPTO") for the PRIMAL MODE mark. ECF No. 32 ¶ 25. The PRIMAL MODE mark was registered for goods in USPTO Class 25 for "'sportswear, including, but not limited to T-shirts, sweatshirts and sweatpants . . . .'" ECF No. 32 ¶ 22 (citing App. Serial No. 74/070,559). On July 7, 1997, the USPTO issued a Notice of Acceptance and Acknowledgement of an affidavit for the incontestability of the PRIMAL MODE Registration. ECF No. 32 ¶ 25.

Plaintiff Primal Mode is an Illinois corporation, of which Easton is president. ECF No. 32 ¶¶ 8–9. The Amended Complaint alleges that Easton "has licensed use of the PRIMAL MODE® Mark to Primal Mode, Inc." ECF No. 32 ¶ 9.

Plaintiffs allege that they use the PRIMAL MODE mark to sell custom-made clothing for various public and non-public, third-party clients, such as the Chicago Symphony Orchestra, Chicago Cultural Center, and various other small businesses. ECF No. 32 ¶¶ 10, 15–19. In other words, Plaintiffs are a print shop for hire.

Notably, Plaintiffs do not allege that they use the PRIMAL MODE mark, or any variation thereof, on specialty athletic clothing or gear—and especially not on cycling apparel or gear. *See generally* ECF No. 32. .

**B.    Primal Wear's Many Federally Registered Trademarks And Its Cycling Apparel And Gear Business**

Defendant Primal Wear is a Colorado corporation. ECF No. 32 ¶ 11. The Amended Complaint cites at least six of Primal Wear's trademarks which have obtained federal registrations. ECF No. 32 ¶ 45. Four of those six registrations (Reg. Nos. 3,494,801; 4,194,778; 4,647,327; and 4,682,284) are word marks for the word PRIMAL. *Id.* One of those marks (4,878,576) is a design mark which incorporates the word "Primal." *Id.* The final mark (4,198,616) is a word mark for PRIMAL WEAR. *Id.* As of the date of filing the Complaint— August 21, 2017—one of the six marks (3,494,801) was five years old and thus has reached incontestable status as per 15 U.S.C. § 1065. *Id.*

The Amended Complaint identifies the goods/services category for each of Primal Wear's federally registered trademarks. *Id.* It is clear from each of those categories that Primal Wear's marks are used in connection with athletic apparel, and specifically cycling apparel and the sale of cycling apparel. *Id.* In fact, as the Amended Complaint acknowledges, "Primal Wear first adopted and used PRIMAL and PRIMAL-formative marks for apparel marketed *only* within the cycling industry." ECF No. 32 ¶ 38 (emphasis added).

Notably, Plaintiffs do not allege that Primal Wear is a print shop or that it makes custom apparel for third-party clients, or that Primal Wear sells *anything* to Plaintiffs' clients. *See generally* ECF No. 32.

**C.    Plaintiffs Only Filed This Action After Cancellation Proceedings Were Initiated, Despite Nearly A Decade Of Knowledge Of Their Alleged Claims**

The first of Primal Wear's six trademarks cited in the Amended Complaint was registered on September 2, 2008. ECF No. 32 ¶ 46. Plaintiffs had constructive knowledge of this first mark when it was registered. 15 U.S.C. § 1072. Four of the five subsequent marks contain the word PRIMAL only, and the final mark is for PRIMAL WEAR. *Id.*

The Amended Complaint alleges that in October 2015, Primal Wear's CEO communicated with Easton. ECF No. 32 ¶ 41. The Amended Complaint further alleges that during these communications, Primal Wear's CEO informed Easton of Primal Wear's trademarks. *Id.* Despite having full, actual knowledge of these trademarks *at least* as early as October 2015,[1] Plaintiffs did nothing.

On March 15, 2017, Primal Wear filed a Petition to Cancel the PRIMAL MODE registration based on Easton's fraud on the USPTO in procuring the PRIMAL MODE registration (Cancellation No. 92065619). ECF No. 32 ¶ 44; ECF No. 32-1 Ex. D. Primal Wear's initial Petition for Cancellation erroneously noted that there was a likelihood of confusion between PRIMAL MODE and Primal Wear's marks. ECF No. 32-1 Ex. D. The Petition to Cancel was quickly corrected and the erroneous statement was removed.[2] *See* ECF No. 19-1 Ex. A.

---

[1] Of course, Plaintiffs were aware of Primal Wear's registrations much earlier based upon the constructive notice provisions of 15 U.S.C. § 1072.

[2] The Complaint makes reference to the cancellation proceedings numerous times and attaches the initial cancellation documents. *See generally* ECF No 1; ECF No. 32-1 Ex. D. In fact, many of the claims are based on purported admissions in the cancellation proceedings. *E.g.*, ECF No. 32 ¶ 66. "In deciding a motion to dismiss for failure to state a claim we may consider documents attached to *or referenced* in the pleading if they are central to the claim." *Citadel Grp. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012) (emphasis added). The cancellation proceedings are therefore (1) made reference to in the Complaint, and (2) central to Plaintiffs' claims. Furthermore, because this motion is brought in part based on a lack of subject-matter jurisdiction, the Court has authority to consider evidence which is directly relevant to a lack of jurisdiction. *See* Part III.A, *infra*. Thus, the Court can and should consider the documents provided by Primal Wear in granting the Motion to Dismiss.

On August 21, 2017, after 25 years of peaceful co-existence, Plaintiffs filed their action in federal court asserting infringement (and a host of other federal and state unfair competition claims) for Primal Wear's use of its own trademarks.

## III.  LEGAL STANDARD

### A.  Federal Rule Of Civil Procedure 12(b)(1)

A party may move to dismiss an action based on "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion to dismiss tests the federal jurisdiction of a complaint." *Livorsi Marine, Inc. v. Nordskog Publ., Inc.*, 268 F. Supp. 2d 994, 995 (N.D. Ill. 2003). "Plaintiffs bear the burden of proving the existence of subject matter jurisdiction." *Id.* (citing *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980)). "In analyzing a Rule 12(b)(1) motion, the Court may look beyond the pleadings." *Id.*; *see Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) ("'The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" (citation omitted)).

### B.  Federal Rule Of Civil Procedure 12(b)(6)

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (citation omitted). A complaint should be dismissed if it appears clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997) (citation omitted). In deciding a motion to dismiss, the Court need not ignore facts in the pleading that undermine the Plaintiff's claim. *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992) (citation omitted).

## IV.  ARGUMENT

A.   **Count I For A Declaration Of Non-Infringement Should Be Dismissed Under Rule 12(b)(1) For Lack Of Subject Matter Jurisdiction**

1.   *The PRIMAL MODE mark is Senior to The PRIMAL marks*

Plaintiffs' status as the senior user of the PRIMAL MODE mark precludes even the possibility of an actual controversy that can give rise to a declaratory judgement claim. "It is well settled that federal jurisdiction is limited to cases of 'actual controversy.'" *Livorsi*, 268 F. Supp. 2d at 995. To that end, a claim for declaratory relief must be founded on an "actual controversy." 28 U.S.C. § 2201(a). "The test to be applied to determine the existence of an actual controversy in the context of a declaratory judgment action is 'whether . . . there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 251–52 (7th Cir. 1981) (citation omitted).

There is no actual controversy because the Amended Complaint alleges Plaintiffs are the senior users of the PRIMAL MODE mark, and thus cannot liable for infringement. The Amended Complaint alleges that Easton obtained a registration on the PRIMAL MODE mark in 1991, and that Easton has continuously used the mark since then. ECF No. 32 ¶¶ 16, 22–25. Accepting this allegation as true, they cannot be sued for infringement as the alleged senior users of the PRIMAL MODE mark. "The 'senior user' of a mark is the first [person] to use the mark . . . ." *Sorensen v. WD-40 Co.*, 792 F.3d 712, 727 (7th Cir. 2015). "In a traditional trademark action, the confusion of origin is mistaking a *junior user's* product as originating from a *senior user*." *Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 701 (7th Cir. 2014) (emphasis added). A senior user cannot be sued for infringement by a junior user. *See Hana Fin., Inc. v. Hana Bank*, CV 07-1534 PA(JWJx), 2011 U.S. Dist. LEXIS 70096, at *4 (C.D. Cal. June 29, 2011) ("As a result of the jury's finding, Hana Bank is the senior user of the mark and cannot be

liable to Hana Financial for trademark infringement."); *Classic Instruments, Inc. v. VDO-Argo Instruments, Inc.*, 700 P.2d 677, 685 (Or. Ct. App. 1985) ("a senior user of a trademark cannot, within the same product line, be said to have infringed on a junior user's use of the same mark . . . ." (internal citation omitted)). As the senior user, Plaintiffs cannot be liable for infringement such that there is no actual controversy.

### 2. *There is No Claim of Likelihood of Confusion or Dilution Against the Primal Mode Mark*

Primal Wear has withdrawn the mistaken allegation of likelihood of confusion and dilution against the Primal Mode mark in the Cancellation. Importantly, Primal Wear has expressly amended its Petition for Cancellation in the Trademark Office to make clear that there is no basis for a claim of likelihood of confusion against Easton. ECF No. 19-1 Ex. A. Despite this, Plaintiffs are still persisting that there is a claim of likelihood of confusion or dilution against the Primal Mode Mark because TTAB has yet to date ruled on the amended pleading in the cancellation proceeding. ECF No. 32 ¶59-60. "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Already, LLC v. Nike, Inc*. 568 U.S. 85, 91 (2013). Plaintiffs contentions regarding initial petition being the operative pleading in the cancellation proceeding is irrelevant as the erroneous claim of likelihood of confusion or dilution against the Primal Mode Mark is statutorily barred. *Otto International Incs. V. Otto Kern* GmbH, 83 USPQ2d 1861, 1863 ("to the extent the petition presents allegations of a claim under Section 2(d), they are barred by Section 14(3), inasmuch as respondent's registration is more than five years old.") As, Primal Wear is statutorily barred from making claims of likelihood of confusion and dilution against the Primal Mode mark, there is no actual controversy. Count I as to a declaration of non-infringement should be dismissed.

**B.    Count II For A Petition To Cancel Trademark Registrations Should Be Dismissed**

Given that the only grounds alleged for cancellation are likelihood of confusion (ECF No. 32 ¶¶ 62–63), Count II should be dismissed as it relates to Reg. Nos. 4,194,778; 4,647, 327; 4,682,284; and 4,878,576. At least one of Primal Wear's registrations for the mark PRIMAL (Reg. No. 3,494,801), which is not and cannot be contested, expressly grants Primal Wear the right to use the PRIMAL mark in interstate commerce in connection with virtually the identical goods and services as those registrations that Plaintiffs are seeking to cancel on the basis of a likelihood of confusion.

Easton's federal registration, issued on October 29, 1991, is restricted to the term PRIMAL MODE for use in connection with "sportswear; namely, shirts, shorts and pants". ECF No. 32 ¶ 25; ECF No. 32-1 Ex. B at 5. Primal Wear has owned its incontestable registration since September 2, 2008, which expressly grants Primal Wear the exclusive right to the PRIMAL mark in connection with "clothing, headwear and sportswear, namely, shorts, tights, shirts, jerseys, jackets, headbands, and hats". ECF No. 32 ¶ 46. These marks have peacefully co-existed on the Principal Register for ***more than 9 years***.

After almost a <u>decade</u> of peaceful co-existence on the Principal Register <u>and 25 years in commerce</u>, Plaintiffs now seek to cancel four registrations owned by Primal Wear on the basis of likelihood of confusion that cover nearly identical goods as Reg. No. 3,494,801, namely, (1) Reg. No. 4,194,778 for use of the PRIMAL mark in connection with athletic apparel; (2) Reg. No. 4,198,616 for use of the PRIMAL WEAR mark in connection with athletic apparel; (3) Reg. No. 4,878,576 for use of the PRIMAL design mark in connection with athletic apparel; and (4)

Reg. No. 4,682,284 for use of the PRIMAL mark in connection with the sale of apparel online.[3] ECF No. 32 ¶ 64.

In the Amended Complaint, Plaintiffs allege that these four registrations differ in appearance or in identified goods and services from the incontestable Primal Reg. No. 3,494,801 in an attempt to cure the deficiencies in the Complaint. This allegation still does not pass muster. Reg. Nos. 4,194,778 and 4,682,284 are word marks for the word PRIMAL, identical in appearance to the incontestable Primal Reg. No. 3,494,801. Reg. Nos. 4,194,778 and 4,682,284 also identify substantially similar goods, namely athletic apparel and online sale of athletic apparel, as the incontestable Primal Reg. No. 3,494,801. Reg. No. 4,878,576 is a design mark for the same word PRIMAL and identifies the same class of goods (CL. 25) as the incontestable Primal Reg. No. 3,494,801. The final mark (Reg. No. 4,198,616) is also substantially similar as it is a word mark for PRIMAL WEAR, which also identifies the same class of goods (CL. 25) as the incontestable Primal Reg. No. 3,494,801.

There simply cannot be a legal basis to cancel the four PRIMAL marks that are registered in connection with the same or substantially similar goods and services when, by statute, Primal Wear has, and will continue to have, the exclusive right to use those same marks in connection with substantially similar good and services. Moreover, Primal Wear's incontestable registration for the word PRIMAL is arguably broader than that right granted to Easton for the unitary term PRIMAL MODE and the addition of the word WEAR to Primal Wear's incontestable PRIMAL mark does not in any way create confusion with the word MODE in Easton's registration.[4]

---

[3] Importantly, there is no allegation in the Complaint that Plaintiffs even sell their products or services on the Internet or how Plaintiffs would be harmed by this registration, which covers services not offered by either of them.

[4] For example, the Eight Circuit Court of Appeals held that a district court did not err "in finding that OATMEAL RAISIN CRISP is not confusingly similar to APPLE RAISIN CRISP." *See* (footnote continued)

It simply cannot be argued with a straight face that on one hand, Primal Wear's use of its incontestable PRIMAL mark in connection with athletic apparel <u>does not</u> create a likelihood of confusion, but that on the other hand, Primal Wear's use and registration of identical and nearly identical marks registered in connection with identical and substantially similar goods and services can somehow be deceptive, misleading, or confusing. Plaintiffs' argument, to be charitable, is absurd. Count II should be dismissed.

### C.    Count III For Federal Trademark Infringement Is Time-Barred

Count III should be dismissed, as Plaintiffs had knowledge of their purported "injuries" nearly a decade ago. While the Lanham Act does not in and of itself contain a limitations period, "[w]here a plaintiff alleges trademark infringement as well as unfair competition under the Lanham Act, courts have 'found that most analogous Illinois limitation period [is] the three-year statute of limitations found in the Illinois Consumer Fraud and Deceptive Business Practices Act.'" *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, No. 12 C 9686, 2013 U.S. Dist. LEXIS 175846, at *8 (N.D. Ill. Dec. 16, 2013) (citations omitted). "Under the ICFA, a cause of action accrues the day the plaintiff knew or should have known of his injury and that it was wrongfully caused." *Hahn v. Coca-Cola Co.*, No. 04 C 3596, 2004 U.S. Dist. LEXIS 14877, at *6 (N.D. Ill. July 30, 2004) (citation omitted). And of course, the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") claim in this Amended Complaint is based on the exact same facts as the infringement claim. *See* ECF No. 32 ¶¶ 68–70, 81–82.

---

*General Mills, Inc. v. Kellogg Co.*, 824 F.2d 622, 627 (8th Cir. Minn. 1987). Moreover, even *one-letter* differences can be sufficiently different to avoid a finding of confusion. *See, e.g. Jacobs v. Int'l Multifoods Corp.*, 212 U.S.P.Q. 641 (C.C.P.A. 1982) (BOSTON TEA PARTY vs. BOSTON SEA PARTY, for tea and restaurant services); *Swedish Beer Export Co. Aktiebolag v. Can. Dry Corp.*, 176 U.S.P.Q. 59, 60 (C.C.P.A. 1972) (SKOLA and SKOL, for a soft drink and beer); *In Re Reach Elecs., Inc.*, 175 U.S.P.Q. 734, 735 (T.T.A.B. 1972) (REAC and REACH for electronics); *NEC Elecs., Inc. v. New England Circuit Sales, Inc.*, 722 F. Supp. 861 (D. Mass. 1989) (NEC and NECS, for electronic components and computer chips).

Plaintiffs' purported "injuries" accrued as early as 2008, and possibly earlier.[5] Federal law imposes constructive knowledge of a registration on the public when a trademark is registered on the Principal Register. 15 U.S.C. § 1072. Three of Primal Wear's six registrations-at-issue were registered more than three years before this action was filed. ECF No. 32 ¶ 45. The other three registrations all use the exact same word: PRIMAL. *Id.* In some cases, Primal Wear's other marks are literally identical to the one which were registered outside the three-year period prior to filing. *Id.* Given that this Count is based exclusively on Primal Wear's use in commerce of its own federally registered trademarks (ECF No. 32 ¶¶ 73-75), Plaintiffs had constructive knowledge of their alleged injuries more than three years before filing suit.

Despite this, Plaintiffs now contend that Primal Wear's acts within the three years prior to filing of the initial Complaint constitute continuing violations. ECF No. 32 ¶¶ 74. While a continuing injury sometimes tolls the limitations period, the continuing violation theory is unavailable here as Plaintiffs knew or should have known of Primal Wear's alleged conduct as early as 2008 pursuant to the constructive knowledge when the PRIMAL marks were registered. *See Hahn,* 2004 U.S. Dist. LEXIS 14877, at *6 (citing Belleville Toyota, Inc., 770 N.E.2d at 192, 199 Ill.2d 325 (Because the statute of limitations depends on the discovery rule, it is triggered by an objective review of the facts, not the plaintiff's subjective knowledge.)). Thus, the claim should be dismissed.

**D.** **Count IV For Federal Unfair Competition Under 15 U.S.C. § 1125(a) Should Be Dismissed As It Is Time-Barred**

---

[5] It is not possible to tell because, "Plaintiff has not stated when it uncovered Defendant's alleged wrongful acts or discovered the allegedly wrongful nature of those acts." *Hot Wax, Inc. v. Warsaw Chemical Co., Inc.*, 45 F. Supp. 2d 635, 647 (N.D. Ill. 1999) (finding certain claims time-barred).

Plaintiffs were on notice of the potential claims addressed in their Amended Complaint more than three years prior to filing this action, and thus, it is time-barred. "Section 43 does not establish a statute of limitations. Therefore, this court should apply the most analogous state limitations period. The most analogous Illinois limitations period is the three year statute of limitations found in the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a(e)." (citation omitted)). *Hot Wax*, 45 F. Supp. 2d at 647.[6] For the same reasons as Count III, this Count is time-barred and should be dismissed.

E. **Count V For Illinois Common-Law Unfair Competition Should Be Dismissed As Time-Barred**

This Count is based on the same facts as Count IV, and thus rises and falls with that Count. *See* ECF No. 32 ¶¶ 79, 80. The "same legal principles apply to Lanham Act and state unfair competition law claims . . . ." *Minemyer v. B-Roc Representatives, Inc.*, 678 F. Supp. 2d 691, 711 (N.D. Ill. 2009) (citing *Gimix, Inc. v. JS & A Grp., Inc.*, 699 F.2d 901, 908 (7th Cir. 1983)). For the same reasons as Count III and IV, this Count is time-barred and should be dismissed.

F. **Count VI for Illinois Deceptive Trade Practices Should Be Dismissed As Time-Barred**

This Count is based on the same facts as Counts IV and V, and thus rises and falls with those Counts. *See* ECF No. 32 ¶¶ 79, 80, 87. The "legal inquiry is the same under the Lanham Act as under the Consumer Fraud Act and the Deceptive Trade Practices Act." *MJ & Partners Restaurant Ltd. Pushup. v. Zadikoff*, 10 F. Supp. 2d 922, 929 (N.D. Ill. 1998). For the same reasons as those Counts, this Count is time-barred and should be dismissed.

---

[6] This is especially so when, whereas here, the Consumer Fraud and Unfair Competition Counts are based on literally identical alleged misconduct. *See* ECF No. 32 ¶¶ 72, 81–82.

13

**G. Count VII For Violation Of The Illinois Consumer Fraud And Deceptive Business Practices Act Should Be Dismissed For Numerous Defects**

**1. *Count VII Is Barred By The Statute Of Limitations***

This Count is based on the same facts as Counts IV–VI, and thus rises and falls with those counts. *See* ECF No. 32 ¶¶ 79, 80, 87, 93-94; *MJ & Partners*, 10 F. Supp. 2d at 929.

**2. *Count VII Must Be Dismissed For Lack Of Standing***

Plaintiffs lack standing to bring an ICFA claim as they are not competitors of Primal Wear or consumers of Primal Wear's goods or services (as discussed above), and because Plaintiffs fail to allege any consumer-protection concerns. The ICFA "was intended to provide redress only to consumers generally, not to businesses injured by other businesses where they are not consumers of each other's goods or services." *See Allcare, Inc. v. Bork*, 531 N.E.2d 1033, 1039 (Ill. App. Ct. 1988). The ICFA gives "businessmen standing to sue under the Consumer Fraud Act to redress competitive injury when they suffer when other businessmen deceive customers." *Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc.*, 190 Ill. App. 3d 524, 533 (Ill. App. Ct. 1989) (citation and quotation marks omitted). Thus, businessmen may sue under the ICFA when they allege that "the conduct involves trade practices directed to the market generally or otherwise implicates consumer protection concerns." *Am. Broad. Co. v. Maljack Prods., Inc.*, 34 F. Supp. 2d 665, 680 (N.D. Ill. 1998) (citing *Athey Prods. Corp. v. Harris Bank Roselle*, 89 F.3d 430, 436–37 (7th Cir. 1996)).

Count VII must fail because Plaintiffs have not, and cannot allege that Primal Wear's use of its own federally registered trademarks "involves trade practices directed to the market generally or otherwise implicates consumer protection concerns." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 712 (N.D. Ill. 2006); *see JMR Sales, Inc. v. MMC Elecs. Am., Inc.*, No. 02 C 1642, 2002 U.S. Dist. LEXIS 19285, at *9 (N.D. Ill. Oct.

9, 2002) ("Non-consumer plaintiffs 'must meet the consumer nexus test by alleging that the conduct involves trade practices directed to the market generally or otherwise implicates consumer protection concerns'") (quoting *Athey*, 89 F.3d at 437)). Plaintiffs merely alleges the public and the market generally "*will be*" harmed by consumer confusion. ECF. 32 ¶ 95. This does not pass muster. The ICFA "does not authorize a suit by a non-consumer where there is no injury to consumers. *Learning Curve Toys, L.P. v. PlayWood Toys, Inc.* 2000 U.S. Dist. LEXIS 5130, 2000 WL 343497, at *2 (N.D. Ill. Mar. 31, 2000) (finding conclusory allegations of "fraud on the market" do not meet the requirement to show injury to consumers); *Amon v. Harrison*, 1994 U.S. Dist. LEXIS 13918, No. 91 C 980, 1994 WL 532025, at *9 (N.D. Ill. Sept. 29, 1994) ("a claim under the Consumer Fraud Act must be based on conduct which injures at least one consumer."). As such, Plaintiffs' allegation of a hypothetical harm to the public and market generally is insufficient. Thus, because Plaintiffs have failed to allege that Primal Wear's use of its own federally registered marks somehow implicates consumer-protection concerns, the claim should be dismissed.

## V.     **CONCLUSION**

For the foregoing reasons, the Court should grant the Motion to Dismiss.

Respectfully submitted,

/s/Bryan P. Sugar
Bryan P. Sugar
**LEWIS, BRISBOIS, BISGAARD & SMITH**
550 West Adams Street, Suite 300
Chicago, IL 60661
Telephone: 312-345-1718

**Attorney for Defendant Primal Wear, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certified that on **November 10, 2017,** the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.


_____/s/ Bryan Sugar_____
LEWIS BRISBOIS BISGAARD & SMITH LLP